# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:07-CR-58 MAC/KPJ |
| | § | |
| OTHA GEROD HOTCHKINS (7) | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on March 20, 2017, to determine whether Defendant violated his supervised release. Defendant was represented by Denise Benson. The Government was represented by Andrew Stover.

On April 14, 2008, Defendant was sentenced by the Honorable Richard A. Schell, United States District Judge, to a sentence of one hundred one (101) months imprisonment followed by a five (5) year term of supervised release for the offense of Conspiracy to Possess with Intent to Distribute Cocaine and Cocaine Base. Defendant began his term of supervision on September 4, 2015. This case was transferred to the Honorable Marcia A. Crone on May 11, 2016.

On May 16, 2016, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender under Supervision (the "Petition") (Dkt. 488). The Petition asserts that Defendant violated the following conditions of supervision: (1) Defendant shall not commit another federal, state, or local crime; (2) Defendant shall not unlawfully possess a controlled substance; (3) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except

as prescribed by a physician; (4) Defendant shall refrain from any unlawful use of a controlled substance; (5) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician; (6) Defendant shall report to the probation officer, and shall submit a truthful and complete written report within the first five (5) days of each month; (7) Defendant shall notify the probation officer ten (10) days prior to any change of residence or employment; (8) Defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felong unless granted permission to do so by the probation officer; and (9) Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as Defendant is released from the probation by the probation officer.

The Petition alleges that Defendant committed the following violations: (1) Defendant admitted verbally and in writing to U.S. Probation Office Cynthia Correa, Northern District of Texas, that he cooked crack cocaine for distribution between March 6 and 23, 2016. As such, he has committed the felony offense of Manufacture and Delivery of a Substance in Penalty Group 1, as defined in the Texas Health and Safety Code Section 481.112; (2) On December 4, 2015, and February 1, 2016, Defendant submitted urine specimens that tested positive for marijuana. Additionally, Defendant admitted, verbally and in writing, to U. S. Probation Officer Cynthia Correa (Officer Correa) that Defendant used marijuana on November 26, 2015, December 19, 2015, and from February 28 to March 6, 2016. Additionally, on March 8, 2016, Defendant submitted a urine specimen that tested positive for cocaine. Upon questioning, Defendant denied intentionally ingesting cocaine, and indicated Defendant must have inadvertently inhaled the drug while cooking

and preparing the cocaine for distribution; (3) Defendant failed to submit written monthly reports for the months of March and April, 2016; (4) On March 24, 2016, Defendant advised Officer Correa that Defendant would be moving from his current residence in Dallas, Texas, by March 31, 2016, because Defendant could no longer afford the rent. Defendant advised he planned to live with a niece in Carrollton, Texas, but did not know the physical address. Defendant has failed to notify Officer Correa of his new residence, and his current whereabouts is unknown; (5) Defendant had admitted to cooking crack cocaine between March 6 and 23, 2016, for distribution, as a favor to a friend who was a drug-dealer. As such, Defendant has associated with person engaged in criminal activity; and (6) Defendant failed to attend drug treatment sessions at Homeward Bound, Inc., in Dallas, Texas, on April 14 and 28; and May 12, 2016. Additionally, Defendant failed to submit to random drug testing as directed at Homeward Bound, Inc., on October 28, 2015; March 7; April 11 and 28; and May 5, 2016.

At the hearing, Defendant entered a plea of true to the alleged violations 4, 5, 6, 7, and 9. Defendant waived his right to allocute before the district judge and his right to object to the report and recommendation of this Court. The Court finds that Defendant has violated the terms of his supervised release.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the March 20, 2017, hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of thirty three (33) months, with no supervised release to follow. The Court further recommends that Defendant's term of imprisonment be carried out in FCI Fort Worth, if appropriate.

**SIGNED this 10th day of April, 2017.**

                                              KIMBERLY C. PRIEST JOHNSON
                                              UNITED STATES MAGISTRATE JUDGE